IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

|  |  |
|---|---|
| Eugene Davis,<br><br>               Plaintiff,<br><br>vs.<br><br>Holly Negaard; Holly Negaard, as Trustee of the Holly Negaard Revocable Living Trust; Jessica Purdy a/k/a Jessica Shanafelt; and Purdy Investments, LLC d/b/a Western Apartments,<br><br>               Defendants. | Civil No. 1:23-CV-00195-CRH<br><br>**STIPULATION FOR PROTECTIVE ORDER** |

\*\*\*          \*\*\*          \*\*\*

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure

from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

The parties stipulate that the court may enter the following protective order:

**1.** **Definitions.** As used in this protective order:

    (a)    "Attorney" means an attorney who has appeared in this action;

    (b)    "Confidential Document" means a document designated as confidential under this protective order;

    (c)    "Confidential Information" means information contained within a document designated as confidential under the protective order which has been specifically identified by the Designating Party as information requiring treatment as "Confidential."

    (d)    "Designating party" is a party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential";

    (e)    to "destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

    (f)    "Document" means information disclosed or produced in discovery, including at a deposition;

    (g)    "Notice" or "notify" means written notice, including by email;

    (h)    "Party" means a party to this action, including the appointed Guardian ad Litem;

    (i)    "Producing party" is a party or non-party that produces a Document in this action;

    (j)    "Protected document" means a document protected by a privilege or the work-product doctrine; and

    (k)    "Receiving party" is a party that receives a Document from a Producing party.

**2.** **Designating a Document or Deposition or information contained in a Document or Deposition as Confidential.**

(a) A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains confidential or proprietary information.

(b) A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential."

(c) Deposition testimony may be designated as confidential:

(1) on the record at the deposition; or

(2) after the deposition, by notifying the parties and those who were present at the deposition by marking the deposition with brackets or underlining within 7 business days after the transcript of the deposition is produced to any party.

(d) Specific information contained in a document or deposition testimony may be designated as confidential according to the procedures set forth in Sections 2(a) – 2(c), above.

(d) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

(e) Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents,

items, or communications for which protection is not warranted are not swept up within the ambit of this Order.

**3.     Who May Receive a Confidential Document or Confidential Information.**

(a)     A confidential document may be used only in this action.

(b)     No person receiving a confidential document may reveal it, except to:

   (1)     the court and its staff;

   (2)     an attorney or an attorney's partner, associate, in-house paralegals or secretarial staff, or other staff who sign the declaration referred to in subparagraph (6) below;

   (3)     a person shown on the face of the confidential document to have authored or received it;

   (4)     a court reporter or videographer retained in connection with this action;

   (5)     a party; and

   (6)     any person who:

      (A)     is retained to assist a party or attorney with this action; and

      (B)     signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

> I have read, and agree to be bound by, the protective order in the case captioned Eugene Davis v. Holly Negaard, et al., 1:23-CV-00195, in the United States District Court for the District of North Dakota. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document.
> I declare under penalty of perjury that the foregoing is true and correct.

    (c)    If a confidential document or confidential information is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

4. **Serving This Protective Order on a Non-Party.** A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order.

5. **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document or confidential information not designated as confidential may, within 7 days after discovering the error, provide notice of the error and, insofar as applicable, produce a copy of the document designated as confidential or notify the other parties that the information shall be designated as confidential.

6. **Use of a Confidential Document or Confidential Information in Court.**

    (a)    Filing. If a party seeks to file documents designated as "Confidential," or documents containing confidential information, the party must first file a motion for leave to file under seal, accompanied by a memorandum in support, setting forth the legal basis for sealing the documents, in accordance with the Administrative Policy Governing Electronic Filing and Service. If only portions of the documents designated as "Confidential" contain sensitive information and a party seeks to file the documents with the court, that party must (1) file a motion for leave to file under seal and a memorandum in support of the motion, which provides an explanation of the legal basis for redacting information from the document, and (2) attach to the motion for leave to file under seal an unredacted copy of the document and a proposed redacted copy of the document. The proposed redactions shall be highlighted or otherwise identified in a manner that enables the Court and the other party to easily review the proposed redactions.

    (b)    Presentation at a hearing or trial. A party intending to present another party's or a non-party's confidential document at a hearing or trial must notify the other party or the non-party promptly so that the other party or the non-party may seek relief from the court by noticed motion.

**7.    Changing a Confidential Document's or Confidential Information's Designation.**

    (a)    Document or information disclosed or produced by a party" A confidential document or confidential information disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

    (b)    Document or information produced by a non-party: A confidential document or confidential information produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

    (c)    Changing a designation by court order. A party who cannot obtain agreement to change a designation may move the court for an order changing the designation. The designating party has the burden of proving that a document should be marked confidential or the information disclosed should be treated as confidential. If the motion affects a document or information produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document or information as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

    (d)    Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is

necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    (e)    The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith in accordance with L.R. 37.1.

    (f)    If the Parties cannot resolve a challenge without court intervention, any party may seek a telephonic status conference with the court pursuant to L.R. 37.1(B).

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Frivolous confidentiality designations and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. All parties and non-parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**8.**     **Handling a Confidential Document after Termination of Litigation.**

    (a)    Within 60 days after the termination of this action (including any appeals), each party must:

        (1)    return or destroy all confidential documents; and

    (2)    notify the disclosing or producing party that it has returned or destroyed all confidential documents within the 60-day period.

(b)    Notwithstanding paragraph 8(a), each attorney may retain a copy of any confidential document submitted to the court.

9.    **Inadvertent Disclosure or Production to a Party of a Protected Document or Protected Information.**

(a)    Notice.

    (1)    A party or non-party who discovers that it has inadvertently disclosed or produced a protected document or protected information must promptly notify the receiving party and describe the basis of the claim of privilege or protection.  If the party or non-party provides such notice and description, the privilege or protection is not waived.

    (2)    A party who discovers that it may have received an inadvertently disclosed or produced protected document or protected information must promptly notify the disclosing or producing party or non-party.

(b)    Handling of Protected Document. A party who is notified or discovers that it may have received a protected document or protected information must comply with Fed. R. Civ. P. 26(b)(5)(B).

10.    **Security Precautions and Data Breaches.**

(a)    Each party must make reasonable efforts to protect the confidentiality of any confidential document or confidential information disclosed or produced to that party.

8

(b) A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

11. **Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action.

Stipulated to:

Dated this 22nd day of May, 2024.

                                    */s/ Bradley N. Wiederholt*
Bradley N. Wiederholt (#06354)
BAKKE GRINOLDS WIEDERHOLT
300 West Century Avenue
P.O. Box 4247
Bismarck, ND 58502-4247
(701) 751-8188
bwiederholt@bgwattorneys.com

Attorneys for Plaintiff

Dated this 22nd day of May, 2024.

                                    */s/Marc M. Berg*
Marc M. Berg (ND Lic. #08417)
J. SELMER LAW P.A.
250 Marquette Avenue
Suite 550
Minneapolis, MN 55401
jselmer@jselmerlaw.com
mberg@jselmerlaw.com

Attorneys for Defendants Holly Negaard, Holly Negaard as Trustee of the Holly Negaard Revocable Living Trust, and Jessica Purdy a/k/a Jessica Shanafelt

Dated this 22nd day of May, 2024.

                                                                            */s/Megan M. Hogue*

                                                                            Megan M. Hogue (#09457)
                                                                            Ryan Sandberg #05999)
                                                                            PRINGLE & HERIGSTAD, PC
                                                                            2525 Elk Drive
                                                                            PO Box 1000
                                                                            Minot, ND 58702-1000
                                                                            Phone: (701) 852-0381
                                                                            mhogue@pringlend.com
                                                                            rsandberg@pringlend.com

                                                                            Attorneys for Defendant Purdy Investments, LLC d/b/a Western Apartments

10

## ORDER

The court **ADOPTS** the Parties' Stipulation for Protective Order.

**IT IS SO ORDERED.**

Dated this 23rd day of May, 2024.

>  */s/ Clare R. Hochhalter*
> Clare R. Hochhalter, Magistrate Judge
> United States District Court

**EXHIBIT A**

**WRITTEN ASSURANCE**

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____ . My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and I understand the terms of the Protective Order dated _____, filed in Case No. 1:23-CV-00195, pending in United States District Court of North Dakota. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

I acknowledge the obligations imposed by the Protective Order shall survive the termination of this action.

I submit myself to the jurisdiction of United States District Court of North Dakota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____          _____
              (Date)                                    (Signature)