**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Eugene Davis, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| Holly Negaard; Holly Negaard, | ) | |
| as Trustee of the Holly Negaard | ) | |
| Revocable Living Trust; Jessica | ) | |
| Purdy a/k/a/ Jessica Shanafelt; | ) | |
| and Purdy Investments, LLC | ) | |
| d/b/a/ Western Apartments, | ) | Case No.: 1:23-cv-00195 |
| | ) | |
| Defendants. | ) | |

On May 13, 2024, Defendants Holly Negaard, Holly Negaard, as Trustee of the Holly Negaard Revocable Living Trust, and Jessica Purdy a/k/a/ Jessica Shanafelt filed a *Motion for Partial Dismissal of Count 3 of Plaintiff's Complaint* and *Motion for Hearing*. (Doc. Nos. 26, 28). On May 21, 2024, Defendant Purdy Investments, LLC d/b/a/ Western Apartments filed a *Motion for Partial Dismissal of Count 3 of Plaintiff's Complaint* and *Motion for Hearing*. (Doc. Nos. 30, 32). Plaintiff Eugene Davis filed a response in opposition on June 7, 2024. (Doc. No. 36). Defendants Holly Negaard, Holly Negaard, as Trustee of the Holly Negaard Revocable Living Trust, and Jessica Purdy a/k/a/ Jessica Shanafelt filed a reply on June 20, 2024. (Doc. No. 37). For the reasons articulated below, the court **GRANTS** Defendants' *Motions for Partial Dismissal of Count 3 of Plaintiff's Complaint*. (Doc. Nos. 26, 30), and finds **MOOT** Defendants' *Motions for Hearing*. (Doc. Nos. 28, 32).

## I.    BACKGROUND

The following are facts taken from the parties' motions, pleadings, and supporting documents. The facts are presumed true for the purposes of this order.

Plaintiff Eugene Davis ("Plaintiff") resided at the Western Apartments in Minot, North Dakota, as a tenant, and fell behind on his rent due to the Coronavirus ("COVID-19") Pandemic, partial shutdown of his place of employment, and illness. (Doc. No. 1 at 3). Plaintiff subsequently applied for housing assistance through the Community Action a/k/a Emergency Rent Bridge. (*Id.*).

Plaintiff alleges Defendants Holly Negaard and/or Jessica Purdy, as landlord and property manager, respectfully, did not timely provide him with the rent ledger or other tenant information for the assistance program, resulting in late rent, eviction threats, and delay of qualification for the assistance program. (*Id.*).

On December 5, 2021, a garage fire occurred,[1] resulting in the loss of the apartment garages, including Plaintiff's garage and the personal possessions stored within. (*Id.* at 5).

Plaintiff subsequently received notice he would be evicted if he did not pay a late fee assessed against him. (*Id.*). Plaintiff paid the fee. (*Id.*). At this time, Plaintiff's lease agreement had expired, resulting in a month-to-month lease term. (*Id.* at 6).

Late December 2021, Plaintiff was served with a notice of intent to evict. (*Id.*). Defendants Holly Negaard and/or Jessica Purdy began a summary eviction action in North Dakota state court. (*Id.*). At the March 10, 2022, summary eviction hearing, Plaintiff represented himself, arguing among other things, "he was being discriminated against because the Landlord and/or Management refused to timely cooperate with [him] to allow him to obtain timely rental assistance." (*Id.*).

The state court found Plaintiff's landlord had an absolute contractual right to evict Plaintiff due to the month-to-month lease. The court ordered Plaintiff's eviction and that Plaintiff pay $571 of the opposing party's costs and fees. (*Id.* at 7).

---

[1] Plaintiff notes the fire was caused by a torpedo heater stored within another tenant's garage for business purposes. (Doc. No. 1 at 4-5).

Plaintiff vacated his apartment and obtained alternative housing, at a cost higher than that of the Western Apartments. (*Id*.).

On July 28, 2023, Plaintiff filed a complaint with the North Dakota Department of Labor and Human Rights ("Labor Department") asserting he was discriminated against. (*Id.* at 8). In a November 18, 2022, letter, the Compliance Investigator of the Labor Department advised its investigation could not be completed in 100 days. (*Id.*). On June 27, 2023, the Labor Department issued a Determination, in which it found no reasonable cause to substantiate discriminatory housing practices, allowing him to bring suit. (*Id.*).

On September 29, 2023, Plaintiff initiated the above-captioned action with the filing of a Complaint against Defendants Holly Negaard, Holly Negaard, as Trustee of the Holly Negaard Revocable Living Trust, Jessica Purdy a/k/a/ Jessica Shanafelt, and Purdy Investments, LLC d/b/a/ Western Apartments (collectively "Defendants"). (Doc. No. 1). Therein, he asserted four claims against Defendants: (1) housing discrimination in violation of the Federal Fair Housing Act; (2) housing discrimination in violation of the North Dakota Housing Discrimination Act; (3) declaratory relief; and (4) negligence/property damage. (*Id.* at 8-11).

On May 13, 2024, Defendants Holly Negaard, Holly Negaard, as Trustee of the Holly Negaard Revocable Living Trust, and Jessica Purdy a/k/a/ Jessica Shanafelt filed a *Motion for Partial Dismissal of Count 3 of Plaintiff's Complaint* and *Motion for Hearing*. (Doc. Nos. 26, 28). On May 21, 2024, Defendant Purdy Investments, LLC d/b/a/ Western Apartments ("Purdy Investments") filed a *Motion for Partial Dismissal of Count 3 of Plaintiff's Complaint* and *Motion for Hearing*. (Doc. Nos. 30, 32). The Defendants argue Count 3 of the Complaint should be dismissed.

## II.    LEGAL STANDARD

Under Federal Rules of Civil Procedure 12(b)(6), a motion to dismiss may be brought for "failure to state a claim upon which relief can be granted." To survive such a motion, "a complaint must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *FastTrac Transportation, LLC v. Pedigree Techs., LLC*, 618 F. Supp. 3d 858, 863 (D.N.D. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twonbly*, 550 U.S. 544, 555 (2007). When ruling on the motion, the court must accept the factual allegations in the complaint as true and construe them in a light most favorable to the nonmoving party. *Bohan v. Honeywell Intern., Inc.*, 366 F.3d 606, 608 (8th Cir. 2004).

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "When evaluating a motion for judgment on the pleadings, a court must accept as true all factual allegations set out in the complaint, and must construe the complaint in the light most favorable to the plaintiff, drawing all inferences in his favor." *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006); *see Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law[.]" *Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009) (quoting *Wishnatsky*, 433 F.3d at 610). The standard for judgment on the pleadings is the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Id.*

The *Rooker-Feldman* doctrine provides that, "with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." *Ortiz v. Valasek*, No. 8:24CV170, 2024 WL 5170338, at *3 (D. Neb. Dec. 19, 2024); *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005). "The doctrine bars federal courts from hearing

cases brought by the losing parties in state court proceedings alleging 'injury caused by the state-court judgment and seeking review and rejection of that judgment.'" *Mosby*, 418 F.3d at 931 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *see Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995) ("*Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its ruling."); *see also Bruce v. City of Denver*, 57 F.4th 738, 746 (10th Cir. 2023) ("The *Rooker-Feldman* doctrine recognizes a jurisdictional bar on lower federal courts' review of claims where (1) the plaintiff lost in state court, (2) the state court judgment caused the plaintiff's injuries, (3) the state court rendered judgment before the plaintiff filed the federal claim, and (4) the plaintiff is asking the district court to review and reject the court judgment."). Accordingly, a federal district court does not have the authority in civil rights cases to review or alter final judgments in a state court judicial proceeding. *Klein v. Klein*, No. 1:23-cv-223, 2024 WL 5077911, at *5 (D.N.D. Nov. 20, 2024); *see West v. Crnkovich*, No. 8:12CV273, 2013 WL 2295461, at *3 (D. Neb. May 24, 2013).

## III.    DISCUSSION

Defendants request dismissal of Count 3 of Plaintiff's Complaint based on lack of jurisdiction over an eviction proceeding in state court, *res judicata*, the *Rooker-Feldman* Doctrine, and failure to state a claim for which relief may be granted. Purdy Investments further argues Count 3 should be dismissed as it was not a party to the eviction action.

### A.    *Rooker-Feldman* Doctrine

Defendants argue for dismissal of Count 3 on the grounds the court lacks jurisdiction to review the state court eviction proceeding under the *Rooker-Feldman* Doctrine. In response, Plaintiff argues he is not seeking reversal of the state court's Judgment, rather he seeks a declaration ordering Defendant(s) to file documents in the eviction docket.

Count 3 of Plaintiff's Complaint requests the court order declaratory relief, wherein Plaintiff alleges the following in part:

> 59.      Davis currently has a Judgment docketed against him in the State District Court eviction action, including for the payment of costs and attorneys' fees in the amount of $571 ("State Court Judgment").

> 60.      Davis seeks a declaration and order from the Court as follows or words to the effect of: "One or more of the Defendants shall file within the State District Court docket a stipulation indicating the eviction and Judgment obtained therein were obtained wrongfully and through the discriminatory actions by the plaintiff Holly Negaard against Defendant Eugene Davis, one or more of the Defendants shall furthermore fully satisfy the State Court Judgment by filing in said court a *Full Satisfaction of Judgment* indicating all awarded costs, disbursements, attorneys' fees and interest of whatsoever kind are fully paid and satisfied."

(Doc. No. 1 at 10).

Under the *Rooker-Feldman* Doctrine, federal district courts lack subject matter jurisdiction over challenges to the state court judgments. Meaning, the court cannot hear cases brought by a losing party seeking review and rejection of the state court judgment. Here, Plaintiff requests the court order Defendant(s) to enter a stipulation in the state court eviction proceeding indicating "the eviction and Judgment obtained therein were obtained wrongfully and through… discriminatory actions." (Doc. No. 1 at 10). Plaintiff also seeks a "Full Satisfaction of Judgment" be filed with the court. (*Id.*).

At the state court proceeding, the hearing was strictly limited to the issue of eviction under statutory law,[2] as evidenced by the following exchange between the court and Plaintiff:

> THE COURT: And this preceding is a summary proceeding to determine simply and only whether or not the Plaintiff has the right for the return of the property. That is the residence that you've been living in.

> MR. DAVIS: I understand.

> THE COURT: And the answer to that question is yes, she does have –

---

[2] "An action of eviction cannot be brought in a district court in connection with any other action, except for rents and profits accrued or for damages arising by reason of the defendant's possession. No counterclaim can be interposed in such action, except as a setoff to a demand made for damages or for rents and profits." N.D.C.C. § 47-32-04.

MR. DAVIS: I understand that. I do.

THE COURT: -- that.

Now. Stop talking.

The answer to that question is yes, she does have that right because proper notice was given to you terminating the month-to-month tenancy.

So I am going to rule in the Plaintiff's favor, grant the relief that's requested, which is the eviction and also – well that's really it, isn't it? The eviction.

Now, you have this issue that you have been telling me about or trying to tell me about.

MR. DAVIS: Right.

THE COURT: If you believe you have a claim against any person based on what happened with this fire, this is not precluding you from bringing that.

MR. DAVIS: I understand.

THE COURT: That's up for you to do. But what I am dealing with here today is only this limited aspect of an eviction.

MR. DAVIS: I understand.

(Doc. No. 1-5 at 26-27). At the time of the hearing, Plaintiff also attempted to argue issues of discrimination.

The United States Circuit Courts of Appeals have repeatedly applied the *Rooker-Feldman* doctrine to find federal district courts lack subject matter jurisdiction to hear issues pertaining to eviction proceedings. *See Jacobs v. Gear Properties*, 2 Fed.Appx. 617, 617 (8th Cir. 2001); *Morris v. Rosen*, 577 Fed.Appx. 41 (2d Cir. 2014) (summary order); *Jordan v. Levine*, 536 Fed.Appx. 158 (2d Cir. 2013) (summary order). This is especially true when the requested relief would essentially reverse a state court decision or void its ruling. *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995). Here, Plaintiff's request for relief is an order from the court requiring the Defendant(s) to file a stipulation in the state court proceeding that the eviction and Judgment were obtained wrongfully and through discriminatory action, and for a "Full Satisfaction of Judgment"

to be entered. Although Plaintiff argues he is not attempting to reverse the state court judgment, such an order would effectively void the state court's decision.

The court agrees with Defendants that it is incorrect for Plaintiff to "compar[e] the housing discrimination, negligence, and property damage claims for which relief is pled in Counts 1, 2, and 4 with the state court eviction ruling to determine if *they* are intertwined." (*See* Doc. No. 37 at 5) (emphasis in original). Rather, the focus is on Plaintiff's request that the state court ruling be deemed *wrongful*. This is not an instance where Plaintiff is being denied his opportunity to litigate his claims, thus precluding the *Rooker-Feldman* doctrines' applicability. *See Simes v. Huckabee*, 354 F.3d 823, 827 (8th Cir. 2004); *see also Niere v. St. Louis County*, 305 F.3d 834, 836-37 (8th Cir. 2002). "The *Rooker-Feldman* doctrine does not bar federal claims brought in federal court when a state court previously presented with the same claims declined to reach their merits." *Sims*, 354 F.3d at 830 (holding a state court need not undertake an extensive analysis of every federal claim before it in order for the *Rooker-Feldman* doctrine to bar later federal suit). The state court declined to hear Plaintiff's discrimination claims in accordance with statutory law, however, due to lack of subject matter jurisdiction, this court is precluded from declaring the state court eviction ruling wrongful.

Plaintiff's argument that the *Rooker-Feldman* doctrine does not preclude federal jurisdiction when seeking a declaration that the Judgment was wrongfully obtained as a result of Defendants' discriminatory actions, is not persuasive. Plaintiff cites to *MSK EyEs LTD v. Wells Fargo Bank, Nat'l Ass'n*, 546 F.3d 533, 539 (8th Cir. 2008), in which the Eighth Circuit "distinguished claims attacking the decision of a state court from those attacking an adverse party's actions in obtaining and enforcing that decision." It noted that the *Rooker-Feldman* doctrine does not bar jurisdiction when "a federal plaintiff asserts as a legal wrong an allegedly illegal act or

omission by an adverse party." *Id.* (quoting *Riehm v. Engelking*, 538 F.3d. 952, 965 (8th Cir. 2008)). However, Plaintiff's claim does not fall in this category. Although Plaintiff is alleging to request the declaration due to the discriminatory actions of Defendants, it still requests the court find the Judgment was wrongfully obtained. As such, the state court's Judgment would not remain intact if the court were to issue such a ruling.

### B.  Declaratory Judgment Act Relief

The court may consider subject matter jurisdiction over Plaintiff's request for declaratory relief under the Declaratory Relief Act, *sua sponte,* at any time. *Hart v. U.S*., 630 F.3d 1085, 1089 (8th Cir. 2011); *see Clark v. Baka*, 593 F.3d 712, 714 (8th Cir. 2010). Under the Declaratory Judgment Act:

> In a case of actual controversy within its jurisdiction…, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C.A. 2201(a). The Declaratory Judgment Act is procedural rather than jurisdictional, as it does not independently confer jurisdiction to federal courts. *Skelly Oil Co. v. Phillips Petroleum Co*., 339 U.S. 667, 671 (1950) (citing *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937)). For there to be an "actual controversy," there must be "a concrete dispute between parties having adverse legal interests, and the declaratory judgment plaintiff must seek 'specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Maytag Corp. v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, 687 F.3d 1076, 1081 (8th Cir. 2012) (quoting *Aetna Life Ins. Co. of Hartford*, 300 U.S. at 241). Such a remedy "is meant to define the legal rights and obligations of the parties in anticipation of *some future conduct*, not simply to proclaim liability for a past act." *Just. Network Inc. v. Craighead Cnty.*, 931 F.3d 753, 764 (8th Cir.

2019) (emphasis in original) (quoting *Lawrence v. Kuenhold*, 271 Fed.Appx. 763, 766 (10th Cir. 2008)).

Here, Plaintiff appears to be arguing about past conduct, namely his eviction and alleged discriminatory conduct by Defendants. There is no argument that such conduct has continued or may be repeated in the future. *See Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985). Notably, Plaintiff advised he has vacated his apartment and has found alternative housing. (Doc. No. 1 at 7). An order of declaratory relief for such past conduct would have no legal force or effect. *Emory*, 756 F.2d at 1552 ("A declaration that [Defendant's] past conduct violated [Plaintiff's] constitutional rights and Georgia law 'would [be] nothing more than a gratuitous comment without any force or effect.'"); *see also Shannon v. Sequeechi*, 365 F.2d 827, 829 (10th Cir 1966) ("The [Declaratory Judgment] Act does not provide a means whereby previous judgments by state or federal courts may be reexamined, nor is it a substitute for appeal or post conviction remedies."). As such, Plaintiff's claim for declaratory judgment relief fails.

The court need not address any remaining issues raised by the parties in their respective briefs.

## IV.    CONCLUSION

For the reasons articulated above, the court **GRANTS** Defendants' *Motions for Partial Dismissal of Count 3 of Plaintiff's Complaint* (Doc. Nos. 26, 30) and deems **MOOT** Defendants' *Motions for Hearing.* (Doc. Nos. 28, 32).

**IT IS SO ORDERED.**

Dated this 17th day of January, 2025.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court